IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RAVGEN, INC., <br><br> Plaintiff, <br><br> vs. <br><br> STRECK, INC., <br><br> Defendant. | **4:22CV3017** <br><br> **MEMORANDUM AND ORDER** |

Ravgen has filed a second motion to compel Streck's response to subpoenas. (Filing No. 29). For the reasons discussed below, the motion will be denied as moot as to "Categories B-D" described in the court's prior order. (Filing No. 23). As to the contemplated ESI search, (Category E), the court will set deadlines for Streck's compliance. Ravgen's request for recovery of attorney fees will be denied.

FACTUAL BACKGROUND

On February 4, 2022, Ravgen filed a motion to compel responses to subpoenas served on Streck, Inc., a Nebraska citizen, along with a motion for expedited consideration. (Filing No. 1). Ravgen's motion states it needs documents in Streck's possession and control for litigation Ravgen filed against Laboratory Corporation of America Holdings, Inc, (Ravgen, Inc. v. Lab. Corp. of Am. Holdings, Inc., No. 20-cv-00969 ("LabCorp Action"), and Quest Diagnostics, Inc. (Ravgen, Inc. v. Quest Diagnostics, Inc., No. 20-cv-00972 ("Quest Action"). Ravgen filed both cases in the Western District of Texas. Streck is a third party as to each of these lawsuits. Ravgen's subpoenas were issued on October 1,

2021, and they were served on Streck the same day. (Filing No. 3-12; 3-13; 3-14; 3-15). Streck served its objections on October 22, 2021. (Filing No. 3-16; 3-17),

To accommodate the stated urgency of Ravgen's motion, the court held a two-hour discovery conference on February 25, 2022. The court entered verbal rulings and a written order on Ravgen's motion. (Filing Nos. 22 and 23). Under the terms of the order, Streck was required to provide an affidavit of compliance as to three categories of documents ("Categories B-D"), and the parties were ordered to meet and confer on the search terms and scope of relevant ESI.

On March 1, 2022, (two business days after the February 25, 2022 hearing), Ravgen sent a letter to Streck, demanding that Streck respond to the court's order by March 3, 2022, and that it respond to Ravgen's suggested ESI search terms by March 4, 2022. (Filing Nos. 31-2; 31-3). Streck responded the following day, stating it would comply with the court's order, was awaiting an opportunity to review a transcript of the hearing, and that it believed conducting an ESI search before agreeing on search terms was premature. Streck's counsel stated he was available to discuss the ESI search terms on March 4, 2022.

On Friday, March 4, 2022, the hearing transcript was distributed to the parties, and the parties conferred on the ESI search terms. At approximately 5:00 p.m., Ravgen proposed a different Boolean search for ESI discovery. (Filing No. 31-4, at CM/ECF p. 2).

The following Tuesday, March 8, 2022, Ravgen again demanded the affidavit required by the February 25, 2022 order and asked for "an update on Streck's search and production of ESI search terms, which Streck agreed to

2

negotiate and run." (Filing No. 31-6, at CM/ECF p. 3). The following morning, Streck's counsel responded, "Apologies, I am on the road. Documents are being processed today. I will respond further later today." (Filing No. 31-6, at CM/ECF p. 3).

On the morning of March 10, 2022, Streck's counsel notified Ravgen that Ravgen's proposed Boolean search was returning more than six gigabytes of information. Streck proposed different search parameters. (Filing No. 31-8, at CM/ECF p. 3). Ravgen rejected Streck's proposed terms and made further suggestions. It also demanded that Streck report the outcome of running Ravgen's proposed search terms by the number of document hits rather than the total gigabytes of responsive information. (Filing No. 31-8, at CM/ECF p. 3).

On March 15, 2022, Ravgen advised Streck that Ravgen would be requesting another hearing before the undersigned magistrate judge to discuss:

> 1) Streck's failure and refusal to timely provide Ravgen a declaration concerning Categories B-D as ordered by the Court; and
>
> 2) Streck's failure and refusal to negotiate ESI in good-faith, including Streck's failure and refusal to timely provide document hit-counts or propose reasonable narrowing amendments to Ravgen's search term.

(Filing No. 31-7, at CM/ECF p. 2). Ravgen further notified Streck to provide the court with a summary of Streck's position by March 17, 2022 "so that Friday's discussion with the Court can be more productive." Id. Later that day, Ravgen asked the court to set a hearing for Friday, March 18, 2022. The court complied. (Filing No. 27).

During the evening hours of March 16, 2022, Streck's counsel notified Ravgen that the search protocol Ravgen proposed on March 10, 2022 was still

3

retrieving five gigabytes of information. Streck proposed different parameters. It also explained that Streck's affidavit of production as to Categories B-D was delayed because Streck had found additional responsive documents that needed to be reviewed. (Filing Nos. 31-8, at CM/ECF p. 2; 31-10, at CM/ECF p. 2; 31-12, at CM/ECF p. 2).

On March 17, 2022, the parties sent their respective position statements to the court in preparation for the March 18 hearing. (Filing No. 31-13). After reading the statements, the court cancelled the hearing and instructed Ravgen to file a formal motion if the parties could not resolve the remaining issues.

On Friday, March 18, 2022, at 6:29 p.m., Ravgen sent a modified ESI search proposal to Streck. (Filing No. 31-10, at CM/ECF p. 2). Without awaiting a response from Streck, Ravgen filed its formal motion to compel at 11:43 p.m. that same night.

On March 28, 2022, Streck's counsel responded to the March 18 search term proposal, stating:

> Your further search proposal continues to produce gigabytes of data. Again, your proposal makes no effort to limit the ESI search to documents discussing cell lysis. While you have reduced certain proximity connectors, we note that Ravgen makes no effort to make its search terms proximate to the accused cfDNA Blood Collection Tube.
>
> However, in the interests of compromise, we will proceed with the ESI search you propose.

(Filing No. 33-1, at CM/ECF p. 4). Streck's affidavit stating it disclosed all Category B, C, and D documents was provided to Ravgen on March 28, 2022.

4

DISCUSSION

Streck argues Plaintiff's motion to compel is now moot. As to compliance with the court's prior order, (Filing No. 23), I agree. The affidavit as to categories B, C, and D has been provided, and the parties have agreed on an ESI search protocol.

But Ravgen's motion also requests an order setting a seven-day deadline for disclosing relevant ESI, and it seeks recovery of its attorney fees for bringing the pending motion. Those issues will be addressed below.

1) Deadline for Producing ESI

Ravgen requests an order requiring Streck to produce, within seven days following this order, all ESI responsive to Ravgen's subpoenas. (Filing No. 29). Streck objects to Ravgen's requested timeline as unreasonable, explaining a test run on a single custodian's emails using Ravgen's proposed search terms returned nearly four gigabytes of data. Streck states it "will endeavor to make an initial document production of these documents on or before April 7, or as soon thereafter as can reasonably be achieved, and to complete document production by April 15." (Filing No. 32, at CM/ECF p. 7).

Ravgen's suggested deadlines are based, in large part, on the deadlines imposed in the LabCorp and Quest Actions. Ravgen states fact discovery in the LabCorp Action closes on April 7, 2022, and in the Quest Action on May 10, 2022. (Filing No. 30, at CM/ECF p. 11).

5

Pursuant to a writ of mandamus entered by the Fifth Circuit Court of Appeals, the Quest Action was transferred to the Central District of California on November 15, 2021. Ravgen, Inc. v. Quest Diagnostics Inc., 2:21-cv-09011-RGK-GJS (C.D. Cal.), (Filing No. 73). Following the transfer, the parties conferred and proposed extending the case management deadlines. On February 12, 2022, the California court entered a discovery cutoff deadline of July 12, 2022. Id. at Filing No. 155. See also, Filing No. 3-31, at CM/ECF p. 2.

Currently, the fact discovery deadline in the LabCorp Action is April 7, 2022. However, a Petition for Writ of Mandamus was filed in that case on March 1, 2022, asking the Fifth Circuit to order transfer of the LabCorp Action to the Central District of California. Ravgen, Inc. v. Laboratory Corporation of America Holdings, Inc., 6:20-cv-00969-ADA (W.D. Tex.), (Filing No. 86). Ravgen has not moved to stay of the fact discovery deadline in the LabCorp Action while the forum transfer issue is decided, or for good cause due to the delayed receipt of Streck's subpoena responses.
.

More importantly, ordering Streck—a third party—to review gigabytes of information and produce responsive discovery within seven days is unreasonable, particularly since upon notice of Streck's objections, (Filing No. 3-16; 3-17), Ravgen waited over three months before filing a motion to compel in this court.

The court rejects the seven-day deadline requested by Ravgen. Streck will be ordered to immediately run the parties' agreed-upon ESI search parameters and produce documents to Ravgen on a rolling basis, with the first production made on or before April 7, 2022, and all ESI responsive to Ravgen's subpoena topics produced on or before April 15, 2022.

2)      Request for Sanctions

Ravgen requests attorney fees, arguing Streck failed to comply with the court's order entered on February 25, 2022. I disagree.

The court's order did not set a deadline for providing the affidavit stating all Category B-D documents were disclosed. And based on the record, it is clear Streck was attempting to fully comply with those production obligations prior to affirming under oath that all responsive documents were produced. Before Ravgen filed the pending motion, Streck had explained that additional documents were found, and additional review time was needed. Streck has now provided the affidavit required under the Filing 23 order. Streck is not subject to sanctions for failing to timely provide an affidavit of production as to the Categories B, C, and D documents.

Ravgen claims Streck must be sanctioned for failing to negotiate in good faith as to the search terms for ESI discovery and for failing to disclose the number of document hits rather than the total gigabytes identified when performing the search. Whether counted as document hits or gigabytes, Streck is entitled to perform a document review before disclosing ESI. The number of gigabytes of information gleaned from a Boolean search provided notice to both Ravgen and Streck of the burden Streck would encounter when reviewing that information. Ravgen may have wanted more detailed information, but Streck did not act in bad faith by ignoring Ravgen's demand for the number of document hits.

As to the claim that Streck unreasonably negotiated or delayed negotiations over the ESI terms, based on the emails filed of record, the court

7

disagrees. Streck did not provide immediate responses to Ravgen's emails and demands, but it also did not ignore Ravgen. Before the pending motion was filed, Streck responded to every email within no more than four business days. And unlike Ravgen, Streck ran search terms to determine if they narrowed the pool before it responded to Ravgen's proposals. As to the search terms the parties have now settled on, Ravgen suggested the terms at approximately 6:30 p.m. on a Friday night, and without waiting for a response, filed its motion to compel at 11:43 p.m. Under such facts, the court could certainly conclude that Ravgen's motion was premature; that it was filed before the parties had exhausted their good faith discussions on ESI search terms. Ravgen is not entitled to sanctions on a claim that Streck failed to negotiate ESI search terms in good faith.

Accordingly,

IT IS ORDERED that on Ravgen's motion to compel, (Filing No. 29),

1) As to providing an affidavit stating Streck has produced all documents responsive to Categories B, C, and D (with the exception of any ESI found later), the motion is denied as moot.

2) Streck shall promptly conduct an ESI search of electronic records for the five custodians identified by the parties using the following search terms:

> ((BCT OR "tube") /10 ("cell-free" or "cellfree" OR "cfDNA" OR "cffDNA")) AND ((formaldehyde OR formalin OR IDU OR "imidazolidinyl urea") /50 ((cell /5 lys!) OR (membrane /10 (stabiliz! OR cross-link! OR crosslink!))))

Streck shall produce ESI responsive to Ravgen's subpoena topics on a rolling basis, with the first production made on or before April 7, 2022, and all ESI responsive to Ravgen's subpoena topics produced on or before April 15, 2022.

      3)      Ravgen's motion for sanctions is denied.

March 29, 2022

                                          BY THE COURT:

                                          *s/ Cheryl R. Zwart*
                                          United States Magistrate Judge